UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRYAN VALENCIA, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | |
| ANDI VALENTINO INVESTMENTS, INC and GILMER ALFARO | * | |

************************************************************************

## FLSA COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Bryan Valencia, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this collective and class action against Defendants, Andi Valentino Investments, Inc. and Gilmer Alfaro, and alleges as follows:

### I. JURISDICTION

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to §216(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2. Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.* to recover unpaid overtime under §95-25.4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

## II. PARTIES

3. Plaintiff, Bryan Valencia, is a major individual domiciled in the City of Charlotte, County of Mecklenburg and State of North Carolina. At all relevant times, Plaintiff worked at Defendants' "Pollo Campero" restaurants and was paid on an hourly basis.

4. Plaintiff has consented to filing the instant action. (Exhibit "A").

5. Defendant Andi Valentino Investments, Inc. (hereinafter referred to as "Valentino") is a North Carolina company with its principal place of business located at 2232 Sharon Lane, Charlotte, North Carolina 28211. At all relevant times, Valentino owned and operated at least two "Pollo Campero" restaurants in or near Charlotte, North Carolina and was Plaintiff's employer.

6. Defendant Gilmer Alfaro (hereinafter referred to as Alfaro") is a major individual domiciled at 2232 Sharon Lane, Charlotte, North Carolina 27703. At all relevant times, Alfaro was the president and principal of Valentino and was Plaintiff's joint employer.

## III. VENUE

7. Venue is proper in this District as Defendants conduct business and are domiciled in the Western District and a substantial part of the events giving rise the claims occurred in this District.

## IV. FACTS

8. Defendants own and operate two or more "Pollo Campero" restaurants in Charlotte North Carolina.

9. Plaintiff and the collective and class members were/are employed by Defendants as crew members whose duties included cooking, serving customers and cleaning and were paid on an hourly basis.

10. Plaintiff was employed from 2018 to April, 2021 initially as a crew member and from approximately March, 2021 to his separation, as a "manager." However, Plaintiff performed few, if any managerial duties. At all times, Plaintiff was paid $10.00 per hour and was paid on an hourly basis, including any time employed as a "manager" throughout his tenure.

11. Plaintiff's hours varied from week to week during his employment with Defendants, but he regularly worked more than forty (40) hours in a workweek.

12. For example, during the workweek ending March 24, 2021 Plaintiff worked 66 hours and was paid his straight time rate of $10 per hour for all hours worked, for a total gross pay of $660. Plaintiff was not paid an overtime premium for the 26 hours he worked over forty (40) in the workweek.

13. Likewise, for the workweek ending December 16, 2020, Plaintiff worked 68.9 hours was paid his straight time rate of $10 per hour for all hours worked, for a total gross pay of $689. Plaintiff was not paid an overtime premium for the 28.9 hours worked over forty (40) in the workweek.

14. Plaintiff has knowledge that the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek and were not paid overtime.

15. Defendants misclassified all their hourly workers as exempt from overtime in violation of the FLSA and NCWHA and did not pay them overtime as required.

16. Plaintiff is aware of other current and former employees of Defendants who were subject to these same payroll practice.

V. COLLECTIVE AND CLASS ACTION DEFINITIONS

17. The Collective of similarly situated employees sought to be conditionally certified pursuant to 29 U.S.C. § 216(b) as a collective action is defined as:

3

> All employees who were or are paid on an hourly basis who were paid straight time for overtime within the last three (3) years.

18. The Class of similarly situated employees sought to be certified pursuant to Rule 23 for N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.* claims (the "NCWHA Class") is defined as:

> All employees who were or are paid on an hourly basis who were paid straight time for overtime within the last two (2) years.

### VI. COVERAGE UNDER THE FLSA AND NCWHA

19. At all relevant times, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

20. At all relevant times, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

21. At all relevant times, Defendants and their employees used computers, ordered supplies, used cell phones, sent and received business related mail and received and used goods produced and shipped in interstate commerce and thus have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

22. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

24. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

4

25. At all times hereinafter mentioned, Plaintiff and NCWHA Class members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

26. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. Plaintiff and the Collective members are not exempt from the overtime requirements of the FLSA.

29. Plaintiff and the Collective members were not compensated in accordance with the FLSA because they were paid on an hourly basis and were not paid overtime for all hours worked over forty (40) hours in a workweek.

30. Defendants knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiff and the Collective overtime compensation for all hours worked over forty (40) in workweek.

31. Plaintiff and other Collective members, on several occasions, complained to Defendants about their failure to pay overtime but were told that Defendants do not pay overtime. Accordingly, Defendants knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of not paying overtime as Defendants either refused to investigate whether their payroll practice were legal or failed to follow the recommendations of consultants who advised that Defendants payroll practice was not legal.

## VIII. VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT FOR FAILURE TO PAY OVERTIME WAGES
### (NCWHA Class)

32. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants failed to pay earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6.

34. Specifically, Defendants failed to pay Plaintiff and the NCWHA Class members overtime wages for all hours worked over 40 in a workweek.

35. In the event the FLSA does not apply, and/or as an alternative thereto, Plaintiff, individually and on behalf of the NCWHA Class members, seeks payment of overtime wages.

36. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. N.C. Gen. Stat. Ann. § 95-25.4.

37. Defendants suffered and permitted Plaintiff and the NCWHA Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq*. and its implementing regulations.

38. Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals proper overtime compensation in violation of the NCWHA.

39. Defendants' failure to comply with the NCWHA caused Plaintiff and the NCWHA Class to suffer loss of wages and interest thereon.

40. Plaintiff and the Class are entitled to all unpaid overtime wages in the event the FLSA does not apply, liquidated damages, interest, and attorney fees and costs under the NCWHA.

## IX. COLLECTIVE ALLEGATIONS

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff files this action individually and on behalf of Collective, as defined above.

43. Defendants' practice and policy of not paying overtime to their hourly workers affects Plaintiff and the Collective members similarly and is a willful violation of the FLSA.

44. The Collective members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

45. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of Collective.

46. The specific job titles or precise job requirements of the Collective members do not prevent collective treatment under the FLSA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

## X. NCWHA CLASS ACTION ALLEGATIONS

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff files this action on behalf of herself and the NCWHA Class as defined above.

49. Defendants' practice and policy of not paying overtime affects Plaintiff and the NCWHA Class members and is a willful violation of the NCWHA.

50. NCWHA Class members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

51. Defendants' failure to pay overtime as required by the NCWHA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the NCWHA Class members are similarly situated employees.

52. The specific job titles or precise job requirements of the NCWHA Class members do not prevent collective treatment under the NCWHA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be paid overtime for all hours worked over 40 in a workweek. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

53. Plaintiff shares the same interests as the NCWHA Class and will be entitled under the NCHWA to unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the NCWHA Class.

54. Plaintiff's state law class claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

55. The NCWHA Class meets the numerosity requirement of Rule 23(a)(1) because Defendants have employed numerous hourly workers over the class period who were denied

overtime. The precise number of NCWHA Class members should be readily available from a review of Defendants' personnel, scheduling, time, payroll, and billing records and from input received from the NCWHA Class members.

56. The NCWHA Class meets the commonality requirement of Rule 23(a)(2) because Defendants engaged in a common course of conduct that violated the legal rights of Plaintiff and the NCWHA Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the NCWHA Class, including, but not limited to:

    a.    Whether Defendants maintained common policies or practices that denied Plaintiff and NCWHA Class members overtime;

    b.    In the event the FLSA does not apply, whether Defendants violated the NCWHA by not paying Plaintiff and the NCWHA Class members overtime wages;

    c.    Whether Defendants' conduct was willful; and

    d.    Whether Defendants should be required to pay compensatory damages, liquidated damages, attorneys fees' and costs, and interest for violating North Carolina state law.

57. The NCWHA Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the NCWHA Class members were all employed by Defendants and performed their job duties without receiving entitled compensation owed for that work.

58. The NCWHA Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the NCWHA Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class

actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the NCWHA Class members.

59. The NCWHA Class meets the predominance requirement of Rule 23(b)(3) because issues common to the NCWHA Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendants calculated the NCWHA Class members' compensation under the same formula in the same way.

60. The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

61. Given the material similarity of the NCWHA Class members' claims, even if each NCWHA Class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

### XI. JOINT EMPLOYER ALLEGATIONS

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all relevant times, specifically including the collective and class periods, Defendant Alfaro was an owner, manager and/or executive officer of Valentino.

64. Defendant Alfaro exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff's and the collective and class members' work, including, but not limited to, assigning work, hiring and firing employees.

65. Further, Defendant Alfaro is or was responsible for the administration of the business affairs of Valentino and exercised complete control over the work situation and conditions of its employees.

66. Defendant Alfaro is or was responsible for the payroll practices of Valentino including, but not limited to, the payroll practices complained of herein.

67. Defendant Alfaro is or was vested with authority to, and actually acted directly or indirectly for, and exercised operational control over Valentino's business activities including managerial responsibilities for all aspects of operations and its employees.

68. Defendant Alfaro was and is actively involved in managing the operations of Valentino.

69. During the relevant collective and class periods, Defendant Alfaro exercisedcontrol over Valentino's pay policies and the unlawful policies and practices alleged herein.

70. Defendant Alfaro had authority over personnel and payroll decisions at Valentino.

71. Defendant Alfaro had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

72. Defendant Alfaro had the authority to enter into contracts on behalf of Valentino.

73. Defendant Alfaro is an "employer" under the FLSA and the NCWHA, and, as such, is jointly and severally liable with Valentino as a joint employer for all damages under the FLSA and the NCWHA, including all damages claimed herein.

# RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in his favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the collective members as soon as practicable to ensure that the collective members' claims are not lost to the FLSA statute of limitations;

2. For Judgement finding Defendants are joint employers and are jointly liable for unpaid overtime wages due to Plaintiff and the Collective members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, further prays for judgment in his favor and against Defendants as follows:

1. For an Order certifying this action as a class action under the NCWHA and designating Plaintiff as class representative and undersigned as class counsel on behalf of the class;

2. For Judgement finding Defendants are joint employers and are jointly liable for unpaid overtime wages due to Plaintiff and the NCWHA Class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

3. For an award of costs of this action as provided under the NCWHA;

4. For an award of attorneys' fees as provided under the NCWHA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

        Respectfully Submitted:

By: /s/ Brian L. Kinsley
    Brian L. Kinsley (N.C. Bar Roll No. 38683)
    blkinsley@crumleyroberts.com
    CRUMLEY ROBERTS, LLP
    2400 Freeman Mill Road, Suite 200
    Greensboro, NC 27406
    Telephone: 336-333-9899
    Facsimile: 336-333-9894

  -and-

    Philip Bohrer (to be admitted pro hac vice)
    *phil@bohrerbrady.com*
    Scott E. Brady (to be admitted pro hac vice)
    *scott@bohrerbrady.com*
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana 70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000

13

Case 3:21-cv-00180-FDW-DSC   Document 1   Filed 04/21/21   Page 13 of 13